# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**ELDRED L. REID,**

    **Petitioner,**

    v.                                     Civil Action No. 16-cv-12319-IT

**JEFF GRONDOLSKY, FMC,**

    **Respondent.**

## ORDER

April 11, 2017

**TALWANI, D.J.**

    Eldred L. Reid filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 asking that the pending criminal charges against him be dismissed or that he be released on bail. He also complains about certain conditions of confinement. Because it appears from the petition and exhibits submitted by Reid that he is not entitled to habeas relief in this court, the court denies the petition without prejudice. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

    A habeas petition under 28 U.S.C. § 2241 may be brought if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is, however, an extraordinary remedy that is generally available only in the absence of any other remedy. *See Stack v. Boyle*, 342 U.S. 1, 6 (1951). Thus, where a federal pretrial detainee seeks to challenge the fact of his confinement based on alleged illegalities or infirmities in a pending prosecution against him, his remedy is to raise those matters in the criminal proceeding, not in a separate habeas action. *See, e.g.*, *Garcon v. Palm Beach County Sheriff's Office*, 291 Fed. Appx. 225, 226 (11th Cir. 2008) (holding federal pretrial detainee's

petition premature where claims he asserts "are properly brought during his criminal case and subsequent direct appeal, should he choose to file one"); *Morrow v. Terrell*, 715 F. Supp. 2d 479, 480 (S.D.N.Y. 2010) ("Because the issues that [the federal pretrial detainee] raises, if resolved in his favor, would be dispositive of the underlying criminal charges for which he has been indicted, he must exhaust his claims at trial and on direct appeal before he can assert them in a habeas action."). "To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping." *Chandler v. Pratt*, 96 Fed. Appx. 661, 662 (10th Cir. 2004) (not selected for publication). Petitioner was previously so advised when he filed a previous habeas petition in the Western District of Missouri. Petition, Exhibit 10 (Order) [#1-10] (instructing Reid that challenges to detention must be filed in his pending criminal case).

To the extent that Reid wishes to bring claims about the conditions of his confinement while in the District of Massachusetts, a habeas petition is not the proper procedure. He may file a new, non-habeas civil action in this court, *see Muhammad v. Close*, 540 U.S. 749, 750 (2004), with the appropriate filing fee.[1]

### III. Conclusion

Accordingly, the petition for a writ of habeas corpus is <u>DENIED WITHOUT PREJUDICE</u>. All motions shall be terminated as moot. The Clerk shall dismiss this action.

**SO ORDERED.**

                                             /s/ Indira Talwani
                                             Indira Talwani
                                             United States District Judge

---

[1] The fee for filing a non-habeas civil action is $400. If a prisoner is allowed to proceed without prepayment of the filing fee, he will be required to pay a $350 filing fee over time, regardless of the outcome of the case. *See* 28 U.S.C. § 1915(b).